IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:23-CV-207-MAC-CLS |
| | § | |
| $101,020.00 IN UNITED STATES | § | |
| CURRENCY, | § | |
| | § | |
| *Defendant.* | § | |

**REPORT AND RECOMMENDATION
ON MOTION FOR DEFAULT JUDGMENT (Doc. #8)**

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the district court referred this proceeding to the undersigned magistrate judge to conduct all pretrial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters. *See* 28 U.S.C. §636(b)(1); E. D. TEX. LOCAL R. CV-72. Pending before the court is Plaintiff's Motion for Default Judgment. (Doc. #8.) After review, the undersigned recommends granting the motion.

**I.      Background**

On May 25, 2023, Plaintiff, the United States of America ("Government") filed a verified complaint for civil forfeiture of the following defendant property seized during a traffic stop on December 14, 2022, involving David Sanchez ("Sanchez"): $101,020.00. (Doc. #1.) According to the complaint, during a traffic stop conducted by the Jefferson County Sheriff's Office ("JCSO"), Sanchez provided false information about his travels. (Doc. #1 at 2.) Consent to search was requested but denied. A police canine then conducted an open-air sniff and it was positive for narcotics on the vehicle. (Doc. #1 at 3.) The JCSO officer then conducted a probable cause search of the vehicle. As a result of the search, JCSO seized cash that is the subject of this civil forfeiture

complaint. (*Id.*) JCSO located a vacuum sealer, a roll of vacuum bags, a large vacuum sealed bag containing bundles of US currency held together with small black rubber bands, air fresheners all inside a duffle bag on the back floorboard of the vehicle. They also located hotel receipts for hotels in Suffolk Va. (*Id.*) The complaint alleges that the Drug Trafficking Organizations uses couriers to transport illegal narcotics and that based on the conflicting travel itinerary and how the currency was hidden and packaged, the currency is drug proceeds. (Id. at 4.)

Accordingly, the complaint alleges that the property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

An Order for Warrant of Arrest *in rem* was entered on June 6, 2023 (doc. #3), and the property was arrested pursuant to a Warrant of Arrest issued by the Clerk. (Doc. #4.) The Government sent a copy of the Complaint for Forfeiture and the Notice of Complaint for forfeiture to potential claimants David Sanchez and Estephani Kimberly Cardena to their last known addresses by regular and certified mail as well as to Mr. Sanchez' attorney. (Doc. #8.) The process receipt does not reveal successful delivery of the certified mail to Sanchez. (Doc. #8-1.) Successful service was made on Cardenas and Sanchez's attorney. (Doc. #8-1.) Additionally, pursuant to Supplemental Rule for Admiralty or Maritime Claims and Asset Forfeiture Actions G(4)(a)(iv)(C), the Government posted a Notice of Civil Forfeiture at www.forfeiture.gov for at least thirty consecutive days beginning on June 14, 2023, and ending on July 13, 2023. (Doc. #5-1.)

The Government filed the pending Motion for Default Judgment (doc. #8) on October 24, 2023. The Government asserts that the potential claimants, Sanchez and Cardenas, have failed to plead or otherwise defend against this action as required by law. (Doc. #8 at ¶7.) Therefore, the Government requests that the court enter a judgment and forfeiture as to all claimants or potential

claimants pursuant to Rule 55 of the Federal Rules of Civil Procedure.

## II.    Legal Standard

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a).  After a defendant has defaulted, judgment shall be entered upon affidavit of the amount due if the plaintiff's claim is for a sum certain or a sum that can be made certain by computation.  FED. R. CIV. P. 55(b).  The plaintiff must file an affidavit stating whether the defendant is in military service before the court can issue a default judgment.  50 U.S.C. § 3931(b)(1).[1]

Default judgments "are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Lewis v. Lynn,* 236 F.3d 766,767 (5th Cir. 2001) (citing *Sun Bank of Ocala v. Pelican Homestead and Savings Ass'n.,* 874 F.2d 274, 276 (5th Cir. 1989)).  The plaintiff "is not entitled to a default judgment as a matter of right, even where the defendant is technically in default."  *Settlement Funding, LLC v. TransAmerica Occidental Life Ins. Co.,* 555 F.3d 422, 424 (5th Cir. 2009).  Rather, the court must determine: "(1) whether default judgment is procedurally warranted; (2) whether the Government's Complaint sufficiently sets forth facts establishing that it is entitled to relief; and (3) what form of relief, if any, the Government should receive."  *United States v. Giles*, 538 F. Supp. 2d 990, 993 (W.D. Tex. 2008).  After a default judgment, the plaintiff's well-pleaded factual allegations are taken as true.  *U.S. for Use of M-Co Constr., Inc. v. Shipco Gen., Inc.,* 814 F.2d 1011, 1014 (5th Cir. 1987).

---

[1] The undersigned finds that this statute does not apply in this case, as the statute addresses "defendants" rather than "claimants," and the undersigned is not aware of any cases holding that this statute applies to servicemembers who are potential claimants, rather than defendants.

### III.    Discussion

The court must address both the procedural and substantive standards to warrant the default judgment.

#### A.  Procedural Standard

The court considers the six *Lindsey* factors to satisfy the procedural standard to warrant entry of a default judgment: (1) whether there are material fact issues; (2) whether there has been substantial prejudice; (3) whether the grounds for default are clearly established; (4) whether default was caused by a good faith mistake or excusable neglect; (5) harshness; and (6) whether the court would feel obligated to set aside a default on the defendant's motion.  *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

Here, the *Lindsey* factors have been met in favor of default judgment.  The owner of the property has not made an appearance.  A court may enter a default judgment when a party has failed to plead or otherwise defend.  FED. R. CIV. P. 55.  Pursuant to Supplemental Rule for Admiralty or Maritime Claims and Asset Forfeiture Actions G(4)(a)(iv)(C), the Government posted the Notice of Civil Forfeiture at www.forfeiture.gov for at least thirty consecutive days beginning on June 14, 2023.  (Docs. #5-1, #8 at 3.)  The Notice required any claimant to the property to file a claim with the court within sixty days from the first date of publication of the Notice, and to serve and file an answer to the complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure within twenty-one days after the filing of the claim, as provided by Supplemental Rule of Certain Admiralty and Maritime Claims and Asset Forfeiture Actions (G)(5).  In addition to notice by publication, the Government sent a copy of the Complaint for Forfeiture and Notice of Complaint for Forfeiture by regular and certified mail to the potential claimants.  (Doc. #8 at 3.)  While the certified mail was not successfully delivered to Sanchez, the

Government asserts that the notice was also sent by regular mail and that it was provided to his attorney.  (Doc. #8, at 3.)

####    B.  Substantive Standard

Default judgment is also substantively warranted here.  The well-pleaded allegations in the complaint establish that the property constitutes proceeds that are traceable to violations of 21 U.S.C. § 841.  (Doc. #1 at ¶¶1-8.)  The property is thus subject to forfeiture to the United States pursuant to 18 U.S.C. § 881(a)(6).  As a result, the Government's Motion for Default Judgment should be granted, and the court should enter a default judgment pursuant to Rule 55(b)(2).

## IV.    Recommendation

For the foregoing reasons, the undersigned recommends **GRANTING** the Government's Motion for Default Judgment (doc. #8).  The court should issue a default judgment, holding that Defendant Property $101,020.00 is forfeited to the United States with all right, title, or interest vesting in the United States.  Any persons or entities that could claim any right, title, or interest in Defendant Property are divested of any right, title, or interest that they could claim.

## V.    Objections

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge.  28 U.S.C. § 636(b)(1)(C).  To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-

to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this the 8th day of March, 2024.**

_____

Christine L Stetson
UNITED STATES MAGISTRATE JUDGE